IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| |
|---|
| BYZANTINE INDUSTRIES, LLC, <br><br> Plaintiff <br><br> v. <br><br> TILES & STONES OF P.R., INC., d/b/a TILES & STONES SHOWROOM, INC., <br><br> Defendant |

CIVIL NO. 08-1537 (JP)

## **JUDGMENT BY DEFAULT**

The Court has before it a motion for default judgment as to Defendant Tiles & Stones of P.R., Inc. ("Tiles & Stones") (**No. 13**) filed by Plaintiff Byzantine Industries, LLC. ("Byzantine"). Plaintiff's motion is unopposed.

By way of background, Plaintiff Byzantine filed the instant action for collection of money on May 9, 2008. Defendant Tiles & Stones moved for an extension of time to answer the complaint (No. 3), which was granted by the Court (No. 4), thereby allowing Defendant until July 3, 2008, to file a responsive pleading. When Defendant failed to answer by said date, Plaintiff Byzantine moved for entry of default (No. 7). The Clerk of the Court entered default (No. 8) against Defendant on August 4, 2008. Thereafter, Plaintiff filed a motion for default judgment (No. 9). In response, Defendant

CIVIL NO. 08-1537 (JP)          -2-

filed an answer to the complaint (No. 10). However, Plaintiff moved to strike Defendant's answer because it was filed *pro se* by Defendant's General Manager, rather than by an attorney for the corporation. The Court agreed with Plaintiff, holding that a non-lawyer could not represent Defendant in this litigation (No. 12). The Court allowed Defendant to obtain counsel and answer the complaint on or before September 11, 2008. Defendant failed to do so, thereby prompting the instant motion for default judgment filed by Plaintiff (No. 13). In support of its motion for default judgment, Plaintiff Byzantine attached a sworn statement by Masoud Ladjevardian, its President, alleging personal knowledge of the facts alleged in the complaint.

Upon consideration, collectively, of Plaintiff's motions and the Clerk's entry of default against Defendant Tiles & Stones, the Court enters the following findings of fact:

(1) Plaintiff Byzantine delivered $209,260.50 worth of merchandise to Defendant Tiles & Stones and did not receive payment from Defendant for said merchandise;

(2) To this day, Defendant Tiles & Stones has defaulted on its payment terms and has not paid the sums owed to Plaintiff Byzantine.

CIVIL NO. 08-1537 (JP)          -3-

Pursuant thereto, the Court hereby **ENTERS JUDGMENT FOR PLAINTIFF BYZANTINE TO HAVE AND RECOVER** from Defendant Tiles & Stones the amount of **$209,260.50,** plus costs and attorneys' fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of October, 2008.

                                               s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE